

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMAS E. PEREZ
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

  v.                                  ACTION NO: 2:16cv432

YAMA, INC.,
d/b/a YAMA SUSHI RESTAURANT,

and

JING LIN,

    Defendants.

## MEMORANDUM ORDER

This matter is before the court on the Defendants' Motion for Summary Judgment ("Motion"), filed on October 13, 2016. ECF No. 15. On the same day, the Defendants also filed an accompanying Memorandum in Support ("Defendants' Memorandum"). ECF No. 16. On November 7, 2016, the Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment, ECF No. 20, and a Memorandum in Support ("Plaintiff's Memorandum"), ECF No. 21. On November 14, 2016, the Defendants filed a Response in Support of their Motion for Summary Judgment. ECF No. 22.

On November 16, 2016, this court referred the Motion to United States Magistrate Judge Douglas E. Miller, pursuant to the provisions of 29 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct necessary hearings, and to submit to the undersigned district judge proposed findings of fact and recommendations of law for the disposition of the Motion for Summary Judgment. ECF No. 27. The Magistrate Judge filed a Report and Recommendation ("R&R") on December 6, 2016. ECF No. 28. The Magistrate Judge recommended denying the Defendants' Motion for Summary Judgment. Id. at 2. On December 16, 2016, the Defendants filed Objections to the Magistrate Judge's Report and Recommendation. ECF No. 31. On December 21, 2016, the Plaintiff filed a Response to the Defendants' Objections. ECF No. 32.

## I. LEGAL STANDARDS

### A. Motion for Summary Judgment

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial." Id. at 249. A court should grant summary judgment if the nonmoving party, after adequate time for discovery, has failed to establish the existence of an essential element of that party's case, on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In essence, the nonmovant must present "evidence on which the [trier of fact] could reasonably find" for the nonmoving party. Anderson, 477 U.S. at 252.

To defeat a motion for summary judgment, the nonmoving party must go beyond the facts alleged in the pleadings, and rely instead on affidavits, depositions, or other evidence to show a genuine issue for trial. See Celotex, 477 U.S. at 324; see also M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1993) ("A motion for summary judgment may not be defeated by evidence that is 'merely colorable' or 'is not sufficiently probative.'") (quoting Anderson, 477 U.S. at 249-50). Conclusory statements, without specific evidentiary support, do not suffice, Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998), nor does "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position." Anderson, 477 U.S. at 252. Rather, "there must be evidence on which the jury could reasonably find for the plaintiff." Id.

3

### B. Review of Magistrate Judge's R&R

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a <u>de novo</u> determination of those portions of the R&R to which the Plaintiff has specifically objected. Fed. R. Civ. P. 72(b). Objections must be "specific and particularized." <u>United States v. Midgette</u>, 478 F.3d 616, 621 (4th Cir. 2007). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

### A. First Objection

The Defendants object to the Magistrate Judge's determination that there is a genuine dispute of material fact as to whether the restaurant utilized a tip credit. Obj. at 1. The Defendants state that there is "undisputed evidence . . . that the employers did not keep any of the tips and Yama did not seek a credit." <u>Id.</u>

The Fair Labor Standards Act ("FLSA") allows employers of "tipped employees"[1] to satisfy the federal minimum wage

---

[1] A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). "A tip is a sum

4

requirement by paying a base hourly rate of at least $2.13 and accounting for the difference through tips the employee receives. 29 U.S.C. § 203(m). The use of tips to account for a portion of the minimum wage is known as a "tip credit." 29 C.F.R. § 531.51. To utilize the tip credit, the employer must notify employees that their tips are being counted toward the minimum wage. 29 U.S.C. § 203(m). All such tips must be "retained by the employee." Id. Participation in a "tip pool," in which some or all employees' tips are collected for redistribution among a group of employees, provides an exception to this retention requirement. Id.; 29 C.F.R. § 531.54. Where participation in a tip pool is mandatory, the pool must only include employees who customarily and regularly receive tips, and the employer must notify the employees of any required contribution amount, only take a tip credit for the amount each employee ultimately receives, and may not retain any of the tips for any other purpose. See 29 C.F.R. § 531.54.

The Defendants argue that servers were not tipped employees, and that the restaurant did not utilize the tip credit. Obj. at 1. The Defendants have produced evidence that servers were paid a flat hourly rate and were not allowed to retain tips. Jiang Aff. ¶¶ 19-20. According to the Defendants,

---

presented by a customer as a gift or gratuity in recognition of some service performed for him." 29 C.F.R. § 531.52 (2013).

this practice was memorialized at some point in its Employee Handbook, id. at ¶ 25, and accordingly, § 203(m) does not apply because the restaurant paid its servers an hourly salary in excess of the federal minimum wage and did not rely on tips to do so. Obj. at 4.

While the Defendants assert that "the undisputed evidence was that the employees did not keep any of the tips and Yama did not seek a credit," id. at 1, its payroll records are to the contrary. To utilize the Defendants' example from the Defendants' Memorandum, the restaurant's Wage Transcription and Computation Sheets calculate server Christina Correa's earnings as the sum of "tips" and her "cash wage." See ECF No. 16-2 at 8. The amount paid as a "cash wage" is the difference between the hourly wage the Defendants promised her and the tips she received. See id.; Correa Aff. ¶ 5. The Wage Transcription and Computation Sheet provides a "rate of pay" that varies by week and is below the federal minimum wage. See ECF No. 16-2 at 8. The "rate of pay" is multiplied by the number of hours worked to calculate the amount paid as a "cash wage." See id. This indicates that the Defendants paid servers less than minimum wage and used tips to make up the difference. Based on this record, there is evidence from which a jury could conclude that the servers were tipped employees and that the restaurant used the tip credit; the Magistrate Judge correctly noted that

6

"Yama's records show that the employees' tips were collected, redistributed, and then supplemented with an hourly wage to raise the effective hourly compensation of each employee above minimum wage." R&R at 14.

The Defendants further argue that under the Employee Handbook all funds paid by customers "for payment of the bill or by tip" belonged to the restaurant, and that because money is fungible, no actual tip money was paid to servers. Obj. at 5. According to the Defendants, this means that the restaurant did not use the tip credit. Id. But the presence of the Wage Transcription and Computation Sheets is plainly "evidence on which the jury could reasonably find for the [P]laintiff," Anderson, 477 U.S. at 252, because it indicates that the tip credit was used.

In support of their argument, the Defendants cite Guerra v. Guadalajara, IV.[2] According to the Defendants, in Guerra a group of employees sued their employer for taking a percentage of the servers' tips, seeking "the amount withheld by the employer," but the court "dismissed this claim." Obj. at 3. The Defendants egregiously misrepresent the record. In the opinion cited, the court considered the employer's motion for judgment on the pleadings on the servers' "claim for conversion based on the defendant's retention of tips." Guerra at *1. The court

---

[2] 2016 WL 3766444 (W.D. Va. July 7, 2016).

7

concluded that "the defendant's motion . . . will be denied." Id. at *4.

The Defendants' first objection is **OVERRULED**.

### B. Second Objection

The Defendants do not object to the Magistrate Judge's determination that there is a genuine issue of material fact as to whether Lin participated in the tip pool, and instead argue that the Department of Labor is only allowed to recover "unpaid minimum wages," and cannot recover "unpaid tips in excess of the minimum wage." Obj. at 6. The Defendants further argue that even if the servers could recover the tips in question, the Department of Labor cannot. Id.

The Defendants' argument that the servers are not entitled to receive tips if their pre-tip compensation exceeds the federal minimum wage is based on a misunderstanding of the statute or the relevant facts. The federal minimum wage is $7.25 per hour, but restaurants may use the tip credit to partially satisfy the minimum wage requirement. 29 U.S.C. § 203(m). The Wage Transcription and Computation Sheets indicate that the Defendants did precisely that. See ECF No. 16-2. However, an employer may only use the tip credit if, as relevant here, "all tips received by such employee have been retained by the employee" or the employees are compensated via a valid tip pool. 29 U.S.C. § 203(m). The Defendants have not complied with the

8

former provision. See Jiang Aff. ¶ 15 (the restaurant would "randomly assign a portion of tips to each server[]"). Therefore, the restaurant has complied with the law only if servers were paid via a valid tip pool. See Reich v. Chez Robert, Inc., 28 F.3d 401, 403 (3d Cir. 1994) (stating that if employer fails to notify employees that "tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum-wage"). The validity of Yama's tip pool is in dispute. The Defendants have produced evidence showing that Lin did not participate in the servers' tip pool. Jiang Aff. ¶¶ 15, 21-23. The Plaintiff has produced evidence showing that tips Lin earned while acting as a server were combined with tips earned by others and later redistributed to Lin's benefit. Mazuera Aff. ¶ 16. The R&R correctly found that the Defendants were not entitled to summary judgment on the issue. R&R at 17.

The Defendants further argue that even if the servers could bring such an action, the Department of Labor cannot. Obj. at 6. They would have the court believe that Congress has passed a statute, and the Department of Labor has enacted regulations, that the federal government cannot enforce. See id. In support of this claim, the Defendants do not cite any statute, regulation, case, or treatise. See id. They simply assert – without any legal support of any kind – that the "Department of

9

Labor has no statutory right to recover" tips that Lin may have taken from the servers. Id. at 6-7. This defies logic and the law. The Department of Labor may "bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages." 29 U.S.C. § 216(c). The record contains evidence that the Defendants used a tip pool to satisfy minimum wage requirements, but that the tip pool included Lin, who should have been excluded, and allotted to Lin tips earned by servers. See Mazuera Aff. ¶ 16. Accordingly, there is a dispute about whether the Defendants have complied with the federal minimum wage law. At issue is the $43,580.87 that Lin claims to have earned from tips but which may in reality belong to the servers, and the Defendants have not shown that the Department of Labor lacks the authority to recover the amount in question.

The Defendants' second objection is **OVERRULED**.

### C. Third Objection

The Defendants next object to the Magistrate Judge's determination that they are not entitled to summary judgment on the basis that they acted in good faith. Obj. at 7.

In an action to recover unpaid minimum wages or liquidated damages under the FLSA, the court has discretion to decline to award liquidated damages where "the employer shows to the satisfaction of the court that the act or omission giving rise

10

to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. This language places a "plain and substantial burden" on the employer. See Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997) (quoting Richard v. Marriott Corp., 549 F.2d 303, 306 (4th Cir. 1977).

The Defendants argue that they had a "reasonable basis" to believe that paying servers more than $7.25 per hour ensured compliance with the FLSA. Obj. at 7. But the evidence in the record suggests that Lin may have established and participated in a tip pool that allowed her to pocket tips earned by others. The Defendants further argue that because they consulted with a lawyer when drafting the Employee Handbook, "there is no dispute of fact on which a fact finder can find that Yama did not have a subjective belief that its practice was in compliance with the law." Obj. at 8. But the Defendants must establish objective good faith. See e.g., Mayhew, 125 F.3d at 220. They have not done so. They merely stated that an attorney "was consulted" as they prepared the Employee Handbook, not that the attorney wrote the Handbook or provided advice on this issue. See Jiang Aff. ¶ 10. While the Defendants may ultimately prevail on this point at trial, they have not shown that they are entitled to summary judgment.

The Defendants' third objection is **OVERRULED**.

### III. CONCLUSION

This court, having examined the Objections to the Magistrate Judge's R&R, and having made de novo findings with respect thereto, **OVERRULES** the Defendants' Objections and hereby **ADOPTS** and **APPROVES** in full the findings of fact and recommendations set forth in the R&R of the United States Magistrate Judge filed on December 6, 2016. ECF No. 28. Accordingly, the court **DENIES** the Defendants' Motion for Summary Judgment filed on October 13, 2016. ECF No. 15. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge
_____
REBECCA BEACH SMITH
CHIEF JUDGE

December 28, 2016

12